**Emerson PACK, Appellant,**

v.

**Merritt S. DIETZ, Jr., etc., Department of Economic Security, Appellee.**

Court of Appeals of Kentucky.

June 12, 1970.

David C. Short, Morehead, for appellant.

Forrest Smith, Frankfort, for appellee.

WADDILL, Commissioner.

The issue for decision on this appeal is whether the Kentucky Department of Economic Security, which administers the public assistance program designated as Aid to Families with Dependent Children, may validly terminate public assistance to a recipient without affording him the opportunity for an evidentiary hearing prior to the termination.

This issue was recently decided by the United States Supreme Court in Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287, (decided March 23, 1970), which held that it would violate the Due Process Clause of the Fourteenth Amendment to stop paying recipients public assistance unless the Government first affords them a full evidentiary hearing.

**576**

We quote in pertinent part from the Court's opinion:

" * * *.

"It is true, of course, that some governmental benefits may be administratively terminated without affording the recipient a pre-termination evidentiary hearing. But * * * when welfare is discontinued, only a pre-termination evidentiary hearing provides the recipient with procedural due process. ·* * *.

" ' * * *, we hold that due process requires an adequate hearing before termination of welfare benefits, and the fact that there is a later constitutionally fair proceeding does not alter the result.' * * *."

In the instant case appellant's public assistance was cut off when it was determined by an agency within the Department of Economic Security that he was no longer eligible for public assistance. However, appellant was not afforded the opportunity of having a pre-termination evidentiary hearing. Subsequently, the Morgan Circuit Court, in effect, decided that appellant had not been deprived of his constitutional due process rights by the department's failure to offer him a pre-termination hearing.

In light of Goldberg v. Kelly, supra, we are constrained to hold that the failure of the department to afford appellant a pre-termination evidentiary hearing deprived him of due process of law in violation of the Fourteenth Amendment. Accordingly, we reverse the judgment of the circuit court and direct it to enter a judgment ordering the department to set aside its order striking appellant from its public assistance roll.

The judgment is reversed with directions that the circuit court order the Commissioner of the Department of Economic Security to set aside its order striking appellant from the public assistance roll.

All concur.